Tyler S. Wirick
ISBA #7267
Law Offices of Tyler S. Wirick, PLLC
250 Northwest Blvd., STE 107A
Coeur d' Alene, ID 83814
Telephone: (208) 292-4200
Facsimile: (208) 292-4201
Tyler.wirick@wiricklaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF:<br><br>New Hope Assembly of God, Inc.,<br><br><br>Debtor in Possession. | Case No.  13-20025-TLM<br><br>Chapter 11 |

**FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC.**

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of New Assembly of God Church, Inc. (the "Debtor") from cash flow from operations, or future income.

This Plan provides for one class of secured claims; and one class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions equaling 100% of their allowed amount plus interest at 3.25% per annum, This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Article II of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish

**CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC. - 1**

to consult one.)

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1    There are no claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2),and priority tax claims under § 507(a)(8)).

2.2    There are no claims of the Internal Revenue Services and/or Idaho State Tax Commission, but Shoshone County has a claim in the amount of $7533.83. The claim of Shoshone County shall be paid in full within 60 months of the date of filing the bankruptcy petition.

2.21. If the debtor or successor in interest fails to make any deposits of any currently accruing employment tax liability or fails to make payment of any tax to the internal Revenue Service within 30 days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return within 30 days of the due date of such return, or if the debtor fails to make any payment under the Plan, then the Shoshone County may declare that the debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the Shoshone County of the right to declare that the successor in interest or debtor is in default.

2.22 If Shoshone County declares the debtor or the successor in interest to be in default of the debtor's obligations under the Plan, then the entire pre-petition liability shall become due and payable immediately upon written demand to the debtor or the successor in interest.

2.23 If full payment is not made within 14 days of such demand, or other arrangement agreed to in writing, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The debtors and all the debtors' property shall be liable for such unpaid liabilities as if no bankruptcy had occurred.

2.24 Setoff: Shoshone County may setoff pre-petition overpayments against pre-petition tax balances due from the debtors as allowable under law, notwithstanding any contrary provisions in the plan. Priority tax claims, if any, shall be paid in the amount set forth for each priority creditor at the rate of interest and within 60 months of the date of filing of this Chapter II proceeding. **PAYMENTS SHALL COMMENCE IN THE MONTH FOLLOWING CONFIRMATION OF THE PLAN.**

**CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC. - 2**

2.3.1 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

2.3.2 Fees for the attorney's involved shall be approved by the court and paid from operating revenues. Post petition fees are estimated to be approximately $5,000.00.

2.4 **Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

2.4.1 **Class One: Assemblies of God Loan Fund**

The allowed fully secured claim of Assemblies of God Loan Fund ("AG") under the Promissory Note, Security Agreement, Deed of Trust and Assignment of Rents dated June 17, 2009, and all modifications thereof (collectively referred to as "Note 1") shall be treated as follows: AG will retain its liens and security interests upon the real and personal property of the Debtor, the debtor in possession, the reorganized Debtor, and any non-debtors, and all of its rights and interests under its agreements with the Debtor and any non-debtors except as specifically modified herein. The agreements between the Debtor, any non-debtors and AG, including, but not limited to Note I, shall remain in full force and effect and shall be binding on the reorganized debtor, except as modified by this Plan, whether or not the Debtor is granted a discharge as described in paragraph V. below.

Commencing with the payment due in the first month after confirmation, the balance of the obligation owed to AG under Note I, including all principal, and all pre-petition, pre-confirmation and post confirmation unpaid interest, late fees, costs and attorney fees, will be paid in monthly installments as calculated by AG based on the amortization of said obligation over 30 years from the date of confirmation with interest at the rate of 5.00% per annum computed from the date of confirmation of this plan. Debtors estimates that said payment will be approximately $1,100.00 per month. The Debtor shall continue making said monthly payments to AG for the succeeding three hundred sixty (360) months.

In the event of a default under the Plan, failure to make any payment required by the Plan or a

**CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC. - 3**

default of any provision of the Debtor's and non-debtors' agreements with AG, AG shall be entitled to exercise all remedies permitted under its agreements with the Debtor and any non-debtors and under applicable non-bankruptcy law without having to reopen this bankruptcy case or otherwise seek relief from the Court.

2.5. **General Unsecured Claims.**

General unsecured claims are not secured by property of the estate and are not entitled to priority under §507(a) of the Code. The following identifies the Plan's proposed treatment of unsecured creditors:

2.5.1 **Class Two: General Unsecured Creditors**

Unsecured creditors are required to be paid an amount that would be received by such creditor if the Debtor were liquidated under Chapter 7 of the Code. The value of assets of the Debtor which would be available to unsecured creditors consists of the value of assets which are not exempt under Idaho law and which are not subject to liens or security interests of (secured) creditors, or in which the Debtor has equity above the value of the liens of any secured creditor. All debtor's property is subject to a security interest or other lien, thus there would be no distribution to unsecured creditors in the event of a liquidation.

2.5.2 Debtor proposes to pay its unsecured creditors in full in monthly installments including accrued interest at the rate of 3.25% per annum amortizing the balance including interest over the subsequent 72 months after confirmation computed from the date of filing this Chapter II proceeding.

Therefore, unsecured creditors should receive approximately 100% of the amount due.

## ARTICLE III
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.1    Claims and interests shall be treated as follows under this Plan:

Each secured claim shall be allowed in an amount to be determined by the court or in accordance with a proof of claim or the amount set forth in the schedules filed by the debtor.

Each class of secured creditors shall receive the amount set forth for the number of months set forth. After distributions pursuant to the confirmed plan have been started, debtor will seek to close the case. For long-term debt, exceeding five years the case will be reopened upon completion of payments to each long-term creditor.

**CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC. - 4**

# ARTICLE IV
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.1   Disputed Claim. There are no disputed claims.

# ARTICLE V

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1   Assumed Executory Contracts and Unexpired Leases.

Debtor will assume its contractual agreement with each of its tenants. These are income-generating leases. Debtor will assume its agreement with Ralph Moats and Sandra Moats for pastoral services. Debtor will also assume its agreement with West Valley Realty. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

# ARTICLE VI
## MEANS FOR IMPLEMENTATION OF THE PLAN

6.1 The church will continue to be operated and it is expected that revenues will be sufficient to fund the plan.

# ARTICLE VII
## GENERAL PROVISIONS

7.1   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.2   Effective Date of Plan. The effective date of this Plan is the fourteenth day in the month following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.3 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4 Binding Effect. The rights and obligations of any entity named or referred to in this

**CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC. - 5**

Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5  Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.6 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Idaho govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.7  Corporate Governance. The debtor will be prohibited from issuing nonvoting securities. There is only one class of voting securities so no class have preference over another class of securities.

## ARTICLE VIII

## NO DISCHARGE OF DEBTOR.

8.1 If the Debtor is a corporation and § 1141(d)(3) is not applicable.

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 114I(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 114I(d)(6)(B).

Respectfully submitted this 28th day of April, 2013

/s/ *Tyler S. Wirick*
Tyler S. Wirick
Attorney for the Plan Proponent

**CHAPTER 11 PLAN OF REORGANIZATION OF NEW HOPE ASSEMBLY OF GOD, INC. - 6**

CERTIFICATE OF ELECTRONIC FILING

I HEREBY CERTIFY that on the 13th day of May, 2013, I electronically filed the foregoing Chapter 11 Plan with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following:

United States Trustee
720 E. Park Blvd #220
Boise, ID 83712
Telephone: (208) 334-1300
Facsimile: (208) 334-9756
ustp.region18.bs.ecf@usdoj.gov

Samuel A. Diddle
David M. Swartley
Eberle, Berlin, Kading, Turnbow
& McKlveen, CHTD.
PO Box 1368
Boise, ID 83701
Telephone: (208) 344-8535
Facsimile (208) 344-8542
sdiddle@eberle.com

I FURTHER CERTIFY that on the 28th day of May, 2013, I mailed the foregoing Chapter 11 Plan via First Class Mail, postage prepaid, to the following:

Loren Padula
123 W. Riverside
Kellogg, ID 83837

Bank of America
4325 17th Ave. S
Fargo, ND 58125

Shoshone County
700 Bank St.
STE 110
Wallace, ID 83873-2356

/s/ *Tyler S. Wirick*
Tyler S. Wirick